## MEMORANDUM DECISION ON REHEARING

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 12 2017, 8:27 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jeffery A. Earl
Danville, Indiana

ATTORNEY FOR APPELLEE

Karen Celestino-Horseman
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

*In re* Adoption of C.H. and H.H.,

S.S.,

*Appellant,*

v.

J.N. and Z.N.,

*Appellees-Interveners*

July 12, 2017

Court of Appeals Case No.
32A01-1607-AD-1599

Appeal from the Hendricks
Superior Court

The Honorable Robert W. Freese,
Judge

Trial Court Cause No.
32D01-1512-AD-32

**Baker, Judge.**

Mother has filed a petition for rehearing, which we grant for the limited purpose of addressing the issues she raises. First, Mother notes that we made an inadvertent error in footnote one, in which we stated that her other children had been adopted with Mother's consent. We hereby correct that inadvertent error by clarifying that her other children are in the process of being adopted with Mother's consent. This fact did not affect our decision.

Second, Mother argues that she did not admit that she is unable to care for or provide for her children. The record reveals that she testified that she would love to have them home but could not provide for them sufficiently so believed they should be adopted by her sister, Tr. Vol. I p. 129; that she would be unable to provide her children with clothes, school supplies, or anything beyond "a roof over their head and food in their mouth," *id.* at 129, 131; that she never made any payments toward her child support obligation, Tr. Vol. II p. 97; that she allegedly cannot work but does not receive disability payments, *id.*; and that she could not afford to pay any money for her children "because I had to keep a roof over my head," *id.* at 100. She directs our attention to other evidence in the record in support of her claims, but this amounts to a request that we reweigh evidence, which we decline to do.

Third, Mother argues that she did not admit to untreated mental health disorders. The record belies this claim. She admitted that in 2007, she quit taking medications; that in 2012, "I decided then I was not going to take any more pills unless I absolutely had to so I have used marijuana to cope with my bi-polar and my anxiety and my depression," Tr. Vol. II p. 13; that she uses

marijuana to cope with her mental health disorders ("I refer to my marijuana as my medication for my bi-polar and my anxiety," *id.* at 105); that she does not like the way she feels on medication; and that at the time of the hearing, she was doing "[t]he best I can" to keep her emotions under control without medication. *Id.* She directs our attention to other evidence in the record, but this amounts to a request that we reweigh evidence, which we decline to do.

[4] Our original decision stands, and in all other respects, we deny Mother's petition for rehearing.

Robb, J., and Barnes, J., concur.